# United States Court of Appeals
# for the Fifth Circuit

### No. 12-31155

LAKE EUGENIE LAND & DEVELOPMENT, INCORPORATED; BON SECOUR FISHERIES, INCORPORATED; FORT MORGAN REALTY, INCORPORATED; LFBP 1, L.L.C., DOING BUSINESS AS GW FINS; PANAMA CITY BEACH DOLPHIN TOURS & MORE, L.L.C.; ZEKE'S CHARTER FLEET, L.L.C.; WILLIAM SELLERS; KATHLEEN IRWIN; RONALD LUNDY; CORLISS GALLO; JOHN TESVICH; MICHAEL GUIDRY, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED; HENRY HUTTO; BRAD FRILOUX; JERRY J. KEE,

Plaintiffs - Appellees

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP PIPE LINE COMPANY,

Defendants - Appellees

v.

GULF ORGANIZED FISHERIES IN SOLIDARITY & HOPE, INCORPORATED,

Movant - Appellant.

### No. 13-30095

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010

On Appeal from the U.S. District Court for the Eastern District of Louisiana
C.A. Nos. 2:10-md-2179-CJB-SS, 2:12-cv-968-CJB-SS, and 2:12-cv-970-CJB-SS

### DEFENDANTS/APPELLEES' REPLY IN SUPPORT OF MOTION TO CONSOLIDATE APPEAL NO. 12-31155 INTO APPEAL NO. 13-30095 AND TO SET BRIEFING STRUCTURE FOR APPEAL NO. 13-30095

Jeffrey Lennard
SNR DENTON US LLP
233 South Wacker Drive
Suite 7800
Chicago, IL 60606
Telephone: (312) 876-8000

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Wendy L. Bloom
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000

*Counsel for Defendants-Appellees BP Exploration & Production Inc., BP America Production Co., and BP p.l.c.*

*Additional counsel listed on following page*

March 4, 2013

Don K. Haycraft  
LISKOW & LEWIS  
One Shell Square  
701 Poydras Street, Suite 5000  
New Orleans, LA 70139  
Telephone: (504) 581-7979

Jeffrey Bossert Clark  
Steven A. Myers  
KIRKLAND & ELLIS LLP  
655 Fifteenth Street, N.W.  
Washington, DC 20005  
Telephone: (202) 879-5000

# **SUPPLEMENT TO CERTIFICATE OF INTERESTED PERSONS**

No. 13-30095

*In re: Oil Spill by the Oil Rig "Deepwater Horizon"
in the Gulf of Mexico, on April 20, 2010*

Following BP's filing of its motion, the Clerk's office consolidated one additional appeal with the appeals that have already been consolidated under case number 13-30095. Accordingly, the undersigned counsel of record certifies that the following additional interested persons and entities described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

### **Objectors - Appellants Stemming from Notice of Appeal Appearing at MDL 2179 Rec. Doc. 8546:**

Reynaldo Abreu
Adonay Aparecio
Miguel Arellano

Attorney for Objectors - Appellants:

   Jeremy D. Friedman, Esq.
   The Downs Law Group, PA
   3250 Mary Street, Suite 307
   Coconut Grove, FL 33133
   Telephone: (305) 444-8226

                                    /s/ Richard C. Godfrey, P.C.

                                    *Attorney of Record for Defendants-
                                    Appellees BP Exploration &
                                    Production Inc., BP America
                                    Production Company, and BP p.l.c.*

## REPLY IN SUPPORT OF MOTION TO CONSOLIDATE APPEAL NO. 12-31155 INTO APPEAL NO. 13-30095 AND TO SET BRIEFING STRUCTURE FOR APPEAL NO. 13-30095

On February 12, 2013, Defendants-Appellees BP Exploration & Production Inc., BP America Production Company, and BP p.l.c. (collectively, "BP") filed a motion requesting that the Court (1) include *Lake Eugenie Land & Development Inc., et al. v. BP Exploration & Production Inc., et al.*, No. 12-31155, with the cases already consolidated under docket number 13-30095, (2) enter a coordinated briefing order that would ensure an equal word allocation for the proponents and opponents of the Economic and Property Damages Settlement Agreement (the "Settlement"), and (3) re-caption this case *In re Appeals of the Economic and Property Damages Class Action Settlement*.[1]

Various Objector-Appellants have now filed oppositions to BP's motion. As explained below, none of their arguments counsels against granting the relief that BP has requested.

---

[1] By separate motion, BP also requested that the Court establish a new consolidated case for appeals challenging the Medical Benefits Class Action Settlement. As BP explains in its reply in support of that motion, no Objector-Appellants have opposed that request.

## **ARGUMENT**

**I.  The Court Should Consolidate GO FISH's *Lake Eugenie* Appeal With The Other Consolidated Appeals.**

In its motion, BP explained that the *Lake Eugenie* appeal — which was created when Objector-Appellant GO FISH filed a notice of appeal from a district court order denying it permission to intervene in the underlying *Bon Secour* action or to take discovery regarding the Settlement — should be consolidated with the other (already consolidated) appeals because all of these appeals arise from the same case and present substantially related issues.  As BP explained, GO FISH's objections to the district court's discovery ruling were ***only*** cognizable — if at all — in its appeal from the final judgment, and the issue of GO FISH's standing was necessarily implicated in both appeals.

GO FISH now concedes that the *Lake Eugenie* appeal should be heard before the same panel that will decide the consolidated appeals.  *See* GO FISH Opp. at 3.  GO FISH's only objection is to the briefing structure that BP has proposed, as GO FISH apparently believes that it should be permitted to file a second, full-length brief challenging the order approving the Settlement.  *See id.* at 3-4.

2

Because GO FISH agrees that its two appeals should be heard before the same panel, the Court should consolidate the *Lake Eugenie* action into the presently consolidated appeals. What briefing structure should apply to the consolidated appeals is a separate question that BP addresses in the following section.

## II. The Court Should Enter A Coordinated Briefing Order That Avoids Unnecessary Repetition And Ensures Equal Word Allocations For The Proponents And Opponents Of The Settlement.

Eight groups of Objector-Appellants have appealed from the orders approving the Settlement, and GO FISH has also appealed from the order denying it intervention and discovery. To avoid the significant repetition that would be guaranteed if each Objector-Appellant were permitted to file a full-size brief, BP proposed that the Objector-Appellants share 28,000 words as they saw fit for their opening briefs (i.e. a total of 28,000 words for blue briefs), that BP and Class Counsel each receive 14,000 words for their opposition briefs (totaling 28,000 words for red briefs), and that the Objector-Appellants share 14,000 words as they saw fit for their reply briefs.

The Objector-Appellants have made two arguments in opposition to BP's proposal. First, GO FISH contends that it should be permitted

to file two separate appellate briefs, despite its concession that its two appeals should be heard by the same panel. *See* GO FISH Opp. at 3-4. And second, each of the Objector-Appellants contends that because they will present different arguments than the other Objector-Appellants, it would be unreasonable to require them to share space. *Id.* at 4.

### A. GO FISH Should Not Be Permitted To File Two Separate Briefs Challenging Two Orders Issued In The Same Case.

Although it concedes that the *Lake Eugenie* appeal should be heard and decided by the same panel that will decide the consolidated appeals, GO FISH opposes a coordinated briefing order because it has already filed its opening brief in the *Lake Eugenie* appeal. Contrary to GO FISH's insinuation to the contrary, BP timely filed its motion to consolidate the appeals. BP filed its motion on February 12, 2013, three days before counsel were even required to file notices of appearance in the consolidated appeals. BP contacted GO FISH counsel both before GO FISH filed its brief and before BP filed this procedural motion.

GO FISH could have immediately sought consolidation after filing its second notice of appeal, and GO FISH also could have asked the Court stay the briefing order in the *Lake Eugenie* appeal pending the

4

Court's resolution of BP's motion.[2] GO FISH's unilateral decision to file its brief before this motion was resolved cannot be postured as a *fait accompli* that limits the ability of this Court to grant BP's motion.

GO FISH also believes that it should be permitted to file two separate briefs simply because it challenges more than one order entered by the district court during the course of its management of the *Bon Secour* action. GO FISH's odd position is incorrect. Appellants frequently challenge more than one order issued by a district court in deciding a case, consistent with the principle that an appeal from a final judgment typically preserves the appellant's right to challenge all lesser-included interlocutory orders. *See Trust Co. of La. v. N.N.P. Inc.*, 104 F.3d 1478, 1485 (5th Cir. 1997). Indeed, GO FISH identifies **no case** in which an appellant has ever been permitted to file multiple briefs arising out of the same case.

---

[2] Knowing that it was likely to appeal from any judgment approving the Settlement, moreover, GO FISH could have avoided this entire problem by simply waiting to file any notice of appeal until the Court entered a final judgment. *See Cook v. Powell Buick, Inc.*, 155 F.3d 758, 761 n.8 (5th Cir. 1998) ("Although a denial of a motion to intervene is immediately appealable, in this circuit a party may wait and appeal after a final judgment . . . ."), *abrogated on other grounds by Devlin v. Scardeletti*, 536 U.S. 1 (2002). A party cannot unfairly attempt to multiply its briefing allocation by dividing what could have been a single appeal into two appeals.

5

## B. Coordinated Briefing Will Avoid Significant Repetition And Streamline The Disposition Of These Appeals.

Most of the Objector-Appellants contend that because they will present unique arguments to the Court, it would be unreasonable to permit them less than the 14,000 words that they would receive by default operation of the Federal Rules of Appellate Procedure. Their arguments are strained.

***First***, BP's proposal allots the Objector-Appellants more than sufficient space. Specifically, BP has proposed that the Objector-Appellants share 28,000 words for their opening briefs, in whatever manner they choose (*i.e.*, across one or more briefs). BP has further proposed that the Objector-Appellants share 14,000 words for their reply briefs, again in whatever manner they choose.[3] Each of these figures represents double the length allotted to a typical brief, *see* Fed. R. App. P. 32(a)(7)(B), and the basic issues that Objector-Appellants

---

[3] Contrary to GO FISH's contention, BP's proposal would not result in each Objector-Appellant receiving only 1,750 words, *see* GO FISH Opp. at 6, as 28,000 divided by eight is 3,500. But more importantly, the goal of coordinated briefing is not simply to divide the total number of words by the number of appellants, but rather to identify common arguments such that repetition is avoided.

raised in their objections are not so complex as to justify the outsize (and burdensome repetition in) briefing that they demand.

***Second***, there is no basis for the argument that the Objector-Appellants would find it unreasonably difficult to prepare coordinated briefs. *Cf.* GO FISH Opp. at 6; Morain Opp. at 11. To be clear, BP is not proposing that the Objector-Appellants be ***required*** to file a single brief, *see* GO FISH Opp. at 6; rather, BP has proposed that they be permitted to divide their words however they choose.[4] With the exception of one Objector-Appellant who is proceeding *pro se*, the Objector-Appellants are represented by able counsel who are surely capable of agreeing upon a division of their word limit. Moreover, unless the Court will eventually either conduct a day-long oral argument or hear from each counsel for mere minutes each, it will eventually be necessary for the Objector-Appellants to consult with one another. Requiring that consultation to occur before this appeal is briefed will help to focus the issues presented for the Court's review.

---

[4] Thus, BP's proposal could be used by the Objector-Appellants to implement a briefing structure similar to the suggestion offered by Farrell & Patel, who suggest that certain procedural sections could be briefed jointly while the merits issues are briefed singly. *See* Farrell & Patel Opp. at ix-x.

***Third***, the alternative options proposed by the Objector-Appellants are unworkable. Fortunately, none of the Objector-Appellants suggests that BP and Class Counsel each only be permitted to file one brief in total in response to a plethora of independent appellate briefs, in apparent recognition of the fact that such a lopsided briefing allocation would obviously be unfair to BP and Class Counsel.

Several Objector-Appellants instead suggest that BP and Class Counsel be permitted to file a full-size brief in response to each separate opening brief. *See* Morain Opp. at 11; Farrell & Patel Opp. at xi. But if the eight groups of Objector-Appellants were each permitted to file full-size opening and reply briefs, and Class Counsel and BP were permitted to respond separately to each of them, the total word count would include an eye-popping 112,000 words of opening briefs, 224,000 words of opposition briefs, and 56,000 words of reply briefs. If GO FISH were permitted to maintain its already-filed brief in the *Lake Eugenie* appeal (which totals 8,045 words), and all other briefs were permitted to reach full size, the *Lake Eugenie* briefs could total an additional 43,045 words. In sum, the briefs could run to an enormous 435,045 words — half again as long as the *Iliad* and the *Odyssey* combined.

8

In contrast, GO FISH has proposed a briefing structure under which the Objector-Appellants would receive 106,000 words of opening briefs (one 10,000-word joint brief and eight 12,000-word individual briefs), yet Class Counsel and BP would only receive 48,000 words total in response. *See* GO FISH Opp. at 7. This proposal is substantially unbalanced and would not afford BP and Class Counsel sufficient space to respond to the arguments of the Objector-Appellants. Only BP's proposal both reasonably limits the words that will be submitted to the Court and does so in a balanced way.

***Fourth***, there is nothing inequitable about BP's proposal. *Cf.* Coon Opp. at xiii; Farrell & Patel Opp. at x. As certain Objector-Appellants contend, if each of the Objector-Appellants were permitted to file full-size opening briefs, both BP and Class Counsel arguably would be entitled to file an equal number of full-size opposition briefs. *See* Morain Opp. at 11; Farrell & Patel Opp. at xi. Under that structure, the Settlement's proponents would receive twice the word count of its opponents. By instead proposing an equal word allocation for the Settlement's proponents and opponents, BP has proposed a briefing structure that is more than fair to the Objector-Appellants.

***Fifth*** and finally, it should not be lost on the Court that in the course of arguing that it would be unfair and unreasonable to require the Objector-Appellants to coordinate their merits arguments, two groups of Objector-Appellants simply elected to "adopt the reasoning of the Opposition filed on February 25, 2013, by Farrell & Patel." Allpar Custom Homes Opp. at 9; Kirby Opp. at 9.

### III. The Court Should Re-Caption The Case.

BP proposed that to distinguish these appeals from other appeals bearing the caption "*In re Deepwater Horizon*," the Clerk should re-caption the case *In re Appeals of the Economic and Property Damages Class Action Settlement*. Only one Objector-Appellant opposes this proposal, *see* Coon Opp. at xiii - xiv, and that Objector-Appellant offers no explanation for the opposition. The *Deepwater Horizon* is one of the largest pieces of litigation in American history, and it has already engendered numerous Fifth Circuit appeals and published decisions. Different captions for *Deepwater Horizon* cases will help later users of this Court's precedent to quickly distinguish between different appellate decisions. BP accordingly requests that this relief be granted.

Dated: March 4, 2013

Respectfully submitted,

*/s/ Richard C. Godfrey, P.C.*

| | |
|---|---|
| Jeffrey Lennard<br>SNR DENTON US LLP<br>233 South Wacker Drive<br>Suite 7800<br>Chicago, IL 60606<br>Telephone: (312) 876-8000<br><br>Don K. Haycraft<br>LISKOW & LEWIS<br>One Shell Square<br>701 Poydras Street, Suite 5000<br>New Orleans, LA 70139<br>Telephone: (504) 581-7979 | Richard C. Godfrey, P.C.<br>J. Andrew Langan, P.C.<br>Wendy L. Bloom<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle Street<br>Chicago, IL 60654<br>Telephone: (312) 862-2000<br><br>Jeffrey Bossert Clark<br>Steven A. Myers<br>KIRKLAND & ELLIS LLP<br>655 Fifteenth Street, N.W.<br>Washington, DC 20005<br>Telephone: (202) 879-5000 |

*Counsel for Defendants-Appellees BP Exploration & Production Inc., BP America Production Company, and BP p.l.c.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Reply was filed electronically on March 4, 2013, and will, therefore, be served electronically upon all counsel.

I further certify that a true and correct copy of the foregoing Reply was sent by United States Postal Service to Objector-Appellant Levitan, who is proceeding *pro se*, on March 4, 2013, at the following address:

Daniel J. Levitan, *pro se*
c/o Santa Rosa Correctional Institute - Annex
DC No. 650607
5850 East Milton Road
Milton, Florida 32583-7914

/s/ *Richard C. Godfrey, P.C.*
Richard C. Godfrey, P.C.