# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Theodore B. Olson
Direct: +1 202.955.8668
Fax: +1 202.530.9575
TOlson@gibsondunn.com

December 26, 2013

**VIA CM/ECF**

Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 South Maestri Place
New Orleans, LA  70130

Re:     *In re: Deepwater Horizon*, No. 13-30095

Dear Mr. Cayce:

I write in response to Class Counsel's letter of December 24, 2013.

Class Counsel's letter refers to the district court's discussion of the certifiability of the class under Rule 23, Article III, and the Rules Enabling Act ("REA"). As the district court conceded, however, it had no jurisdiction to decide those issues on the merits. Rec Doc. 12055, at 19–21.

The *only* issue before the district court was the meaning of the settlement with regard to variable profit and the causal-nexus requirement for class certification, which the panel in Appeal No. 13-30315 instructed the district court to consider as part of the remand proceedings. In resolving those contract-interpretation issues, the doctrine of constitutional avoidance required the district court to adopt "BP's proposed interpretation of the Settlement" as long as it "exclude[s] putative class members with no colorable legal claim" and "is reasonable and effective." *In re Deepwater Horizon*, 732 F.3d 326, 343 (5th Cir. 2013) (opinion of Clement, J.); *id*. at 346 (describing Judge Clement's constitutional analysis as "logical") (Southwick, J., concurring). The district court, however, ignored this requirement and refused to interpret the agreement to exclude claimants with no colorable claims, relying upon its erroneous—and, in light of the remand instructions, irrelevant—holding that BP was judicially estopped from urging that interpretation. Rec Doc. 12055, at 19.

BP will expeditiously pursue its appeal from the district court's failure to enforce the settlement agreement's causal-nexus requirement for class membership, and that appeal will necessarily be resolved by the 13-30315 panel, which "retain[ed] jurisdiction" over the remand proceedings. *Deepwater Horizon*, 732 F.3d at 346. If the 13-30315 panel agrees

GIBSON DUNN

with BP that the settlement excludes claimants whose alleged injuries have no colorable nexus to the spill, that would obviate the need for this panel to consider many of the constitutional, Rule 23, and REA issues currently raised in Appeal No. 13-30095. Accordingly, principles of constitutional avoidance suggest that disposition of this appeal should await resolution of the interpretive issues presented in Appeal No. 13-30315.

Respectfully submitted,

/s/ Theodore B. Olson


cc:     Counsel of Record